**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

**CRIMINAL ACTION NO. 3:20-CR-14-GFVT-MAS**

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**V.**                                              **PLEA AGREEMENT**

**WESLEY FORREST CLAY**                                                      **DEFENDANT**

\*   \*   \*   \*   \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, which charges a violation of 18 U.S.C. § 875(c), threatening communications in interstate commerce.

2.  The essential elements of a violation of 18 U.S.C. § 875(c) are:

    (a)  The defendant knowingly and willfully transmitted a communication;

    (b)  The communication traveled in interstate commerce; and

    (c)  The communication included a threat to injure the person of another.

3.  The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    On September 23, 2020, the Defendant placed a phone call to a number established by the Kentucky Attorney General's Office for the receipt of information relating to the investigation into the circumstances of Breonna Taylor's death.   The Defendant was physically in Kansas at the time of this phone call and used his personal mobile device to place the call.   The phone call was received by a voice over internet protocol system maintained in Frankfort, KY, which is within the Eastern District of Kentucky.   The Defendant left a voicemail for Kentucky

Attorney General Daniel Cameron, which stated, among other things, "You will die if you do not give Breonna Taylor justice. That is a threat. Try me."

4. The statutory punishment for a violation of 18 U.S.C. § 875(c) is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    United States Sentencing Guidelines (U.S.S.G.), November 2018 manual, will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 2A6.1(a)(1), the base offense level is 12.

    (c)    The parties do not agree on a recommendation concerning an offense level enhancement under U.S.S.G. § 3A1.2(a)-(b). The United States reserves the right to argue at sentencing that the offense level should be increased by up to 6 levels under these provisions. The defendant reserves the right to argue that these enhancements do not apply.

    (d)    Pursuant to U.S.S.G. § 2A6.1(b)(6), decrease the offense level by 4 levels because the offense involved a single instance evidencing little or no deliberation.

    (e)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. If the Defendant's guideline range is in Zone A of the Sentencing Table, the United States will not oppose the Defendant's request for a sentence of probation pursuant to U.S.S.G. § 5B1.1(a)(1).

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or

3

affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for

4

demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 5/4/21          By: _____
                          Andrew T. Boone

5

Assistant United States Attorney

Date:  05/04/2021

Wesley Forrest Clay
Defendant

Date:  05/04/2021

John W. Oakley, II
Attorney for Defendant

**APPROVED**, this _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE

6