UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:20-CR-14-GFVT-MAS

UNITED STATES OF AMERICA                                            PLAINTIFF

V.        **UNITED STATES'S RESPONSE TO DEFENDANT'S
           OBJECTION TO THE PRESENTENCE REPORT**

WESLEY FORREST CLAY                                                 DEFENDANT

\* \* \* \* \*

The United States respectfully submits the following response to the Defendant's objection to the Presentence Report. The United States asks the Court to overrule the Defendant's objection, because the target of the Defendant's threat was the Kentucky Attorney General himself, and the Defendant was motivated to make the threat by the victim's official position. *See* U.S.S.G. § 3A1.2(a).

On September 23, 2020, the Defendant made a phone call to a number established by the Kentucky Attorney General's Office for the receipt of information relating to the investigation into the circumstances of Breonna Taylor's death. [R. 23: Plea Agreement ¶ 3.] The Defendant left a voicemail. [*Id.*] The text of that voicemail follows:[1]

> Yes, my name is Wesley Clay, and I am a very concerned citizen. I have tried to file multiple police reports on the behalf of Breonna Taylor for the fact that you are mistreating her case and separating it from every other case and your tip line, which

---

[1] At sentencing, the United States will introduce a DVD containing a recording of this voicemail (Exhibit 1) and the TikTok video discussed below (Exhibit 2).

> shows us that you're ignoring it. So. I have tried to file police reports, and your police hang up on me. So, you can call me back at [phone number redacted], and you can see how my office would like to proceed with this lawsuit. Because you're not handling this case. You let her die with no justice. And we're not gonna let that happen. I'm not gonna let that happen, personally. If I have to stand out in front of your office every single day, I will. *If I have to stand outside of your house every single day, I will.* And there will be thousands with me. We will not be silent, and *you will die* if you do not give Breonna Taylor justice. That is a threat. Try me.

[Ex. 1 (emphases added).] The following day, agents of the FBI visited the Defendant at his Kansas residence and interviewed him about this voicemail. In that interview, the Defendant admitted making the statement and did not evade responsibility. After the agents departed, the Defendant recorded and posted a video using the TikTok app. In the video, the Defendant made the following statements:

> So, bottom line, reason they were at my house was because I threatened the Attorney General in Louisville. I did. I admit it. *I threatened him.* Sorry about aboutcha. Sorry you're racist and can't do your job and serve actual justice. Anyways, um, yeah, I did that. So they came to my house, and I'm just like, okay, so all of the threats I get on my social media don't mean anything, but when somebody threatens your little white attorney general who completely destroyed Breonna's case, you show up at their house. And instead of investigating why Breonna's case was destroyed, you investigate those people and refuse to listen to them as to why Breonna's case was destroyed.

[Ex. 2 (emphasis added).]

    Based on these facts, the Presentence Report recommends a six-level enhancement under U.S.S.G. § 3A1.2(a)(1) and (2), because the offense was motivated by the victim's status as a government official, and the applicable Chapter Two guideline is from Chapter

2

Two, Part A (Offenses Against the Person). [PSR ¶ 14.] The Defendant has objected to this enhancement, arguing the threat was "not directed to a specified individual", but instead was "a threat against the Attorney General's office itself, which represents a government agency." [R. 28-1: Unresolved Obj. to Presentence Investigation Report at 97.]

The official victim enhancement "does not apply when the only victim is an organization, agency, or government." U.S.S.G. § 3A1.2, cmt (n.1). But, "[a] threat does not need to be directed at a named individual to meet the requirements of the official victim enhancement." *United States v. Manns*, 690 F. App'x 347, 353 (6th Cir. 2017). In *Manns*, the Sixth Circuit affirmed application of the enhancement to a defendant who made vague references to "you" in death threats contained in letters sent to a prosecutor's office and court clerk's office. *See id.* at 353-54.

In this case, the Defendant's statement, "you will die," placed his threat on par with what the Sixth Circuit found sufficient in *Manns*. To be sure, some of the Defendant's comments reflected confusion and/or mistaken assumptions about the identity of the Kentucky Attorney General. But his threat to "stand outside of your house" and his admission that "I threatened *him*" both revealed his intent to threaten the individual who holds this office. The Defendant's threat and admission, read as a whole, demonstrate that he intended to threaten an individual government officer because of that individual's position. Accordingly, the Court should apply the six-level enhancement under U.S.S.G. § 3A1.2(a) and (b).

Respectfully submitted,

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY


By: /s/ Andy Boone
      Andrew T. Boone
      Assistant United States Attorney
      260 W. Vine Street, Suite 300
      Lexington, Kentucky 40507-1612
      (859) 685-4841
      FAX (859) 233-2747
      andrew.boone2@usdoj.gov

## CERTIFICATE OF SERVICE

On September 14, 2021, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/Andrew T. Boone
Assistant United States Attorney
